# EXHIBIT C

Plaintiff's Original Petition filed July 16, 2021

Case 7:21-cv-00314 Document 1-3 Filed on 08/20/21 in TXSD Page 3 of 7

Filed 7/16/2021 3:43 PM
Orlando Velasquez, District Clerk
Starr County, Texas
Diana Correa

Starr County - District Clerk

CAUSE NO. DC-21-302

| | | |
|---|---|---|
| JULIAN VELA<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | 229th JUDICIAL DISTRICT |
| SMARTWAY EXPRESS, INC. AND<br>DONNIEL GHOLSTON<br>*Defendants.* | §<br>§<br>§<br>§ | STARR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JULIAN VELA, Plaintiff in the above styled and numbered cause, and files his Original Petition and would show the Court as follows:

### I.

### DISCOVERY PLAN

The discovery control plan applicable to this case is Level 3.

### II.

### PARTIES

Plaintiff JULIAN VELA is an individual residing in STARR County, Texas.

Defendant SMARTWAY EXPRESS, INC. is a California Company doing business in Texas, which may be served through its registered agent for service, All American Agents of Process, Jeffrey Fultz, 1221 McKinney Suite 4300, Houston, TX 77010 . Service may be issued by citation and served by personal service.

Defendant DONNIEL GHOLSTON is an individual residing at: 824 West Avenue, Lancaster, CA 93534. Service may be issued by citation and Defendant be served personal service.

A TRUE COPY I CERTIFY
ORLANDO VELASQUEZ
JUL 27 2021
DISTRICT CLERK, STARR COUNTY, TEXAS
BY Ana Martinez DEPUTY

### III.

### JURISDICTION AND VENUE

Plaintiff seeks damages under the common and statutory laws of the State of Texas and the amount in controversy exceeds the jurisdictional minimum of the Court and $75,000.001. Venue in Starr County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county and SMARTWAY EXPRESS, INC. conducts sufficient business in Starr County.

### IV. FACTS

Plaintiff JULIAN VELA was severely injured as a result of a motor vehicle accident that occurred on or about May 4, 2021 on US Highway 83, Starr County, Texas. Plaintiff was a operating a pickup truck when a Tractor Trailer driven by Defendant DONNIEL GHOLSTON and owned by SMARTWAY EXPRESS, INC. was traveling west on US Highway 83. Defendant DONNIEL GHOLSTON failed to keep a proper lookout, failed to maintain a single lane, and struck plaintiff on passenger side.

As a direct and proximate result of this negligence, Plaintiff sustained personal injuries. Defendant SMARTWAY EXPRESS, INC. is vicariously liable for the negligence of their employee, DONNIEL GHOLSTON, under the doctrine of respondent superior. DONNIEL GHOLSTON acted negligently during the scope of employment with Defendant SMARTWAY EXPRESS, INC. As a result of Defendants' negligence Plaintiff sustained injuries and damages.

### V. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST SMARTWAY EXPRESS, INC.

Defendant SMARTWAY EXPRESS, INC. employee DONNIEL GHOLSTON, during the scope of his employment had a duty to exercise the degree of care that a reasonably careful prudent

2

person would use to avoid harm to others under circumstances similar to those described herein.

Plaintiff's injuries were proximately caused by Defendant SMARTWAY EXPRESS, INC.'s employee, DONNIEL GHOLSTON, during the scope of his employment, his negligence, careless and reckless disregard of said duty of care.

The negligent, careless and reckless disregard of duty of care by Defendant SMARTWAY EXPRESS, INC.'s employee, DONNIEL GHOLSTON, during the scope of his employment consisted of, but is not limited to, the following acts and omissions:

A. In that Defendant SMARTWAY EXPRESS, INC.'S employee, DONNIEL GHOLSTON, during the scope of his employment failed to maintain a single lane;

B. In that Defendant SMARTWAY EXPRESS, INC.'S employee, DONNIEL GHOLSTON, during the scope of his employment failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

C. In that Defendant SMARTWAY EXPRESS, INC.'S employee, DONNIEL GHOLSTON, during the scope of his employment failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

E. In that Defendant SMARTWAY EXPRESS, INC.'S employee, DONNIEL GHOLSTON, during the scope of his employment was operating his tractor trailer and caused it to strike Plaintiff's vehicle; and

F. In that Defendant SMARTWAY EXPRESS, INC.'S employee DONNIEL GHOLSTON during the scope of his employment was inattentive while driving.

Based on the facts of this wreck, it appears that Defendant DONNIEL GHOLSTON may have been fatigued and/or driving in violation of the hours-of-service regulations. Additionally, it appears as though he may have been improperly hired, retained, and supervised.

As a direct and proximate result of this negligence, Plaintiff sustained injuries and damages.

## VI.

## DAMAGES

Plaintiff seeks to recover the following elements of damages, which were proximately caused by Defendants' negligence:

1. Medical care, past and future;

3

2. Lost wages and earning capacity, past and future;

3. Physical impairment, past and future;

4. Physical pain, emotional distress and mental anguish, past and future; and

5. Disfigurement, past and future;

6. Property damages;

7. Loss of use; and

8. Diminution in value.

Plaintiff also seeks to recover prejudgment interest, post-judgment interest and court costs. Plaintiff's damages exceed the Court's jurisdictional minimum and exceed $75,001.00. Pursuant to Texas Rules of Civil Procedure 47(c), Plaintiff seeks monetary relief of more than $1,000,000.00.

## VII.

## **EXEMPLARY DAMAGES**

Defendant SMARTWAY EXPRESS, INC.'s acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant SMARTWAY EXPRESS, INC.

## VIII.

4

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final trial, the Court enter judgment in favor of Plaintiff against Defendants as follows:

a. Actual and exemplary damages in an amount determined by the trier of fact;

b. Temporary and permanent injunction;

c. Pre- and post-judgment interest if, as, and when provided by law, and at the maximum rate allowed by law;

d. All costs of court incurred herein; and

e. Such other further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: /s/ *Amber Medina*

The Law Offices of Gilberto Falcon
Gilberto Falcon
Texas Bar No. 24066525
Amber Medina
Of Counsel
Texas Bar No. 24042159
320 Lindberg Ave.
McAllen, Texas 78501
Tel. (956) 627-0159
Fax. (956) 487-6336
**Attorneys for Plaintiff**