United States District Court
Southern District of Texas
**ENTERED**
September 21, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JULIAN VELA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:21-cv-00314 |
| § | |
| SMARTWAY EXPRESS, INC., and § | |
| DONNIAL GHOLSTON, § | |
| § | |
| Defendants. § | |

## **OPINION AND ORDER**

The Court now considers "Plaintiff's Motion to Remand to State Court and Incorporated Memorandum of Law and Facts."[1] Defendants removed this case on the basis of diversity jurisdiction.[2] In Plaintiff's motion, Plaintiff's sole argument in favor of remand is that subject-matter jurisdiction does not exist in this case because "Defendants are both citizens of California."[3] Even accepting all of Plaintiff's arguments as true, diversity jurisdiction would still exist in this case.

When the removing party claims federal diversity jurisdiction under 28 U.S.C. § 1332, the removing party must demonstrate complete diversity: *that each defendant is a citizen of a different state from each plaintiff*[4] and the amount in controversy exceeds $75,000.[5] Diversity amongst Defendants is not required for diversity jurisdiction.[6] Plaintiff is a citizen of Texas and alleges

---

[1] Dkt. No. 6.
[2] Dkt. No. 1 at 1–2, ¶¶ 6–8 (alleging Plaintiff is a citizen of Texas, Defendant Gholston is a citizen of California, and Defendant Smartway is a citizen of Arizona and California).
[3] Dkt. No. 6 at 4–5.
[4] *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *see McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004); *see also* 28 U.S.C. §§ 1332 & 1441.
[5] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).
[6] *See McLaughlin*, 376 F.3d at 353 ("[A]ll persons on one side of the controversy [must] be citizens of different states than all persons on the *other* side.") (emphasis added).

damages over $75,000.[7] Neither Defendant is a citizen of Texas.[8] Accordingly, the Court finds diversity jurisdiction exists in this case and **DENIES** Plaintiff's motion.

The Court now takes a moment to admonish Plaintiff's counsel for filing this frivolous motion. While the concept of diversity jurisdiction may be at times confusing for a first-year law student, it is a foundational issue of federal practice and one in which any attorney before this Court should have at least a basic understanding. This motion demonstrates a profound misunderstanding of this elemental subject by Plaintiff's counsel. By presenting a motion to the Court, the signing attorneys certify that the legal contentions therein are "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."[9] Failure to do so, as Plaintiff's counsel did here, can result in sanctions.[10] By filing the instant baseless motion, Plaintiff's counsel wasted Court and party resources and time. Though the Court declines to order sanctions in this instance, the Court urges Plaintiff's counsel to review the rules and laws applicable to this Court as future incompetence of this level will not be taken lightly. Additionally, the Court advises Plaintiff's counsel to familiarize themselves with the Federal Rules of Civil Procedure which require numbered paragraphs in all filings.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 21st day of September 2021.

_____
Micaela Alvarez
United States District Judge

---

[7] Dkt. No. 6 at 3 ("Plaintiff is a citizen of Texas . . . and that the amount in controversy is over $75,000.00."); Dkt. No. 1-3 at 2 & 6 (Plaintiff's Original Petition) ("Plaintiff's damages exceed the jurisdictional minimum of this Court and $75,000.01.").
[8] *See* Dkt. Nos. 1 & 6.
[9] Fed. R. Civ. P. 11.
[10] *Id*.